UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

OLVIN Y. ZELAYA,
And other similarly situated individuals,

    Plaintiff (s),

v.

ISAACS ROOFING & INSULATION
CORPORATION, and
ISAIAS DEL SOL, individually

    Defendants.

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff OLVIN Y. ZELAYA and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants ISAACS ROOFING & INSULATION CORPORATION and ISAIAS DEL SOL, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff OLVIN Y. ZELAYA is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ISAACS ROOFING & INSULATION CORPORATION (hereinafter ISAACS ROOFING, or Defendant) is a Florida Profit Corporation having a place of business in Miami, Dade County, Florida. Defendant is engaged in interstate commerce.

4. Individual Defendant ISAIAS DEL SOL was and is now the owner/partner/officer and manager of Defendant Corporation ISAACS ROOFING. Defendant ISAIAS DEL SOL directed and controlled Plaintiff's work. By virtue of this control, ISAIAS DEL SOL is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff OLVIN Y. ZELAYA brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2020 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant ISAACS ROOFING is a general construction contractor specializing in residential, commercial, and industrial new roofing construction, roofing replacement, and roofing restorations.

8. The employer ISAACS ROOFING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

10. Defendants ISAACS ROOFING and ISAIAS DEL SOL employed Plaintiff OLVIN Y. ZELAYA as a roofing laborer from approximately April 2007 to April 29, 2023, or more than 16 years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

11. Plaintiff was a non-exempted, full-time roof installer. At the time of his termination, Plaintiff had a daily wage rate of $200.00 per day.

12. While employed by Defendants, Plaintiff worked weeks of 5 days and weeks of 6 days per week.

13. Every month Plaintiff worked three weeks of 6 days and one week on 50 hours.

14. Plaintiff worked from Monday to Friday from 7:00 AM to 5:00 PM (10 hours daily). On Saturday, Plaintiff worked from 7:00 AM to 2:00 PM (7 hours). In weeks of five days, Plaintiff worked 50 hours weekly. In weeks of six days, Plaintiff worked 57 hours weekly. Plaintiff was not able to take bonafide lunchtime hours.

15. Thus, during his relevant employment period with Defendants, Plaintiff worked 38 weeks of five days with 50 working hours each and 115 weeks of six days with 57 hours each.

16. During her employment with Defendants, Plaintiff received only his daily rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

17. Plaintiff did not clock in and out. However, Defendants were in control of his working hours. Plaintiff worked under the supervision of Alex Guilfarro. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

18. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

19. Plaintiff was paid with checks and paystubs that did not reflect the number of hours worked. Plaintiff was paid by direct deposits.

20. Plaintiff disagreed with the lack of pay for overtime hours, and he complained on multiple occasions to his supervisor.

21. The last time Plaintiff complained about missing payment for overtime hours was on or about April 29, 2019. Plaintiff complained to supervisor Alex Guilfarro and requested to be paid for overtime hours. The supervisor told Plaintiff that he had to talk to the owner of the business ISAIAS DEL SOL.

22. As a result, supervisor Alex Guilfarro fired Plaintiff following orders from the owner of the business.

23. There was no reason to fire Plaintiff other than his complaints requesting to be paid for overtime hours.

24. At times mentioned, individual Defendant ISAIAS DEL SOL was and is now the owner/partner/officer and manager of ISAACS ROOFING. Defendant ISAIAS DEL SOL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in the interests of ISAACS ROOFING concerning its employees, including Plaintiff and others similarly situated. Defendant ISAIAS DEL SOL had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

25. Plaintiff OLVIN Y. ZELAYA seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

26. At this time, Plaintiff is not in possession of time and payment records, but he will provide a good-faith estimate of unpaid wages based on his best recollections.

27. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant period but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40)

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME

28. Plaintiff OLVIN Y. ZELAYA re-adopts every factual allegation stated in paragraphs 1-27 above as stated in full herein.

29. This action is brought by Plaintiff OLVIN Y. ZELAYA and those similarly situated to recover from their Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207.  29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants ISAACS ROOFING and ISAIAS DEL SOL employed Plaintiff OLVIN Y. ZELAYA as a roofing laborer from approximately April 2007 to April 29, 2023, or more than 16 years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

31. Plaintiff was a non-exempted, full-time roof installer. At the time of his termination, Plaintiff had a daily wage rate of $200.00 per day.

32. While employed by Defendants, Plaintiff worked weeks of 5 days and weeks of 6 days per week.

33. Every month Plaintiff worked three weeks of 6 days and one week on 50 hours.

34. Plaintiff worked from Monday to Friday from 7:00 AM to 5:00 PM (10 hours daily). On Saturday, Plaintiff worked from 7:00 AM to 2:00 PM (7 hours). In weeks of five days, Plaintiff worked 50 hours weekly. In weeks of six days, Plaintiff worked 57 hours weekly. Plaintiff was not able to take bonafide lunchtime hours.

35. Thus, during his relevant employment period with Defendants, Plaintiff worked 38 weeks of five days with 50 working hours and 115 weeks of six days with 57 hours.

36. Plaintiff worked in excess of 40 hours, but he received only his daily rate. Plaintiff was not paid for overtime hours, as required by law.

37. Plaintiff did not clock in and out. However, Defendants were in control of Plaintiff's working hours. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

39. Plaintiff was paid with checks and paystubs that did not reflect the number of hours worked. Plaintiff was paid by direct deposits.

40. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon

information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. Defendants violated the Posting requirements of 29 USC § 516.4.

44. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good-faith estimate of the unpaid half-time overtime based on his best recollections. Plaintiff will amend his calculations after proper discovery.

　　a. <u>Total amount of alleged unpaid O/T wages</u>:

　　Twenty-Four Thousand Three Hundred Eighty-Six Dollars and 15/100 ($24,386.15)

　　b. <u>Calculation of such wages</u>:

　　Total weeks of employment: More than 16 years
　　Total number of relevant weeks: 153 weeks
　　Wage rate: $200.00 daily

**1.- O/T Calculations for 38 weeks of 5 days with 50 hours weekly.**

Relevant weeks: 38 weeks
Average hours worked weekly: 50 hours
Overtime hours weekly: 10 O/T hours weekly
Paid: $200.00 daily x 5 days= $1,000.00 weekly: 50 hours=$20.00 an hour
Regular rate: $20.00 x 1.5= $30.00 O/T rate- $20.00 O/T paid=$10.00
Half-time difference: $10.00

Half-time $10.00 x 10 O/T hours=$100.00 x 38 weeks= $3,800.00

### 2.- O/T Calculations for 115 weeks of 6 days with 57 hours weekly

Relevant weeks: 115
Average hours worked weekly: 57 hours
Overtime hours weekly: 17 O/T hours weekly
Paid: $200.00 daily x 6 days= $1,200.00 weekly: 57 hours=$21.05 an hour
Regular rate: $21.05 x 1.5= $31.58 O/T rate-$21.05 O/T rate paid=$10.53
Half-time difference: $10.53

Half-time $10.53 x 17 O/T hours=$179.01 x 115 weeks=$20,586.15

Total #1 and #2: $24,386.15

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.

45. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §§ 201-219 and 29 CFR § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one-half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

47. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's

employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. Defendants ISAACS ROOFING and ISAIAS DEL SOL willfully and intentionally refused to pay Plaintiff OLVIN Y. ZELAYA overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff seeks to recover unpaid overtime wages accumulated during his time of employment.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OLVIN Y. ZELAYA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff OLVIN Y. ZELAYA and other similarly-situated and against the Defendants ISAACS ROOFING and ISAIAS DEL SOL based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff OLVIN Y. ZELAYA an equal amount in double damages/liquidated damages; and

D. Award Plaintiff OLVIN Y. ZELAYA reasonable attorneys' fees and costs of suit;

and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff OLVIN Y. ZELAYA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF; PURSUANT TO 29 U.S.C. 215(a)(3)

51. Plaintiff OLVIN Y. ZELAYA re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

52. The employer ISAACS ROOFING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

53. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

54. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendants ISAACS ROOFING and ISAIAS DEL SOL employed Plaintiff OLVIN Y. ZELAYA from approximately April 2007 to April 29, 2023, or more than 16 years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

57. Plaintiff was a non-exempted, full-time roof installer. At the time of his termination, Plaintiff had a daily wage rate of $200.00 per day.

58. While employed by Defendants, Plaintiff worked weeks of 5 days and weeks of 6 days per week, 50 and 57 hours weekly. Plaintiff was not able to take bonafide lunchtime hours.

59. Every month Plaintiff worked three weeks of 6 days and one week on 50 hours.

60. Thus, during his relevant employment period with Defendants, Plaintiff worked 38 weeks of five days with 50 working hours and 115 weeks of six days with 57 hours.

61. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours,  as required by law.

62. Plaintiff did not clock in and out. However, Defendants were in control of Plaintiff's working hours. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

63. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

64. Plaintiff was paid with checks and paystubs that did not reflect the number of hours worked. Plaintiff was paid by direct deposits.

65. Plaintiff disagreed with the lack of overtime hours payment every week, and he complained on multiple occasions to Supervisor Alex Guifarro.

66. On or about April 29, 2023, Plaintiff complained about missing payment for overtime hours to supervisor Alex Guilfarro for the last time. Plaintiff requested to be paid for overtime hours. The supervisor told Plaintiff that he had to talk to the owner of the business ISAIAS DEL SOL.

67. These complaints constituted protected activity under the FLSA.

68. However, as a direct result of Plaintiff's complaints, supervisor Alex Guilfarro fired Plaintiff following orders from the owner of the business.

69. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

70. There was no reason to fire Plaintiff other than his complaints requesting to be paid for overtime hours.

71. There is close proximity between Plaintiff's protected activity and his termination.

72. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

73. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

74. Plaintiff OLVIN Y. ZELAYA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff OLVIN Y. ZELAYA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants ISAACS ROOFING and ISAIAS DEL SOL that Plaintiff OLVIN Y. ZELAYA recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney's fees, costs, and expenses.

D. Order Defendants ISAACS ROOFING and ISAIAS DEL SOL to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff OLVIN Y. ZELAYA further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff OLVIN Y. ZELAYA demands a trial by jury of all issues triable as of right by a jury.

DATE:  May 31, 2023

Respectfully Submitted,

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500

        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*